# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 8, 2020

161265 & (11)

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

DONALD WALLACE CHANDLER,
   Defendant-Appellant.

SC: 161265
COA: 353445
Oakland CC: 2020-273750-FH

_____/

   On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the April 21, 2020 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the April 14, 2020 order of the Oakland Circuit Court that denied the defendant's emergency motion to modify bail. The trial court abused its discretion by failing to give adequate consideration to Administrative Order No. 2020-1 (issued March 15, 2020), which directs courts to consider the public health factors arising out of the present public health emergency to mitigate the spread of COVID-19. The record does not support the trial court's conclusory determination that the defendant is likely to fail to appear for future proceedings; nor does it establish that he poses a danger to the public if granted pretrial release. We REMAND this case to the Oakland Circuit Court for further proceedings not inconsistent with this order.

   We do not retain jurisdiction.

   CAVANAGH, J. (*concurring*).

   I concur in the Court's order vacating the trial court's order and reversing the Court of Appeals' judgment. I agree with Justice MARKMAN that under Administrative Order 2020-1, a trial court should balance existing legal factors with public-health factors arising out of the present state of emergency in making pretrial detention decisions. Here, the trial court abused its discretion in balancing those factors. Defendant filed emergency motions to reduce his bail, citing reports that numerous inmates and corrections officers at the Oakland County Jail had tested positive for COVID-19 and emphasizing his particular susceptibility to COVID-19 due to his age and a seizure disorder (noting that he had suffered a seizure in the jail in February of 2020). Counsel for defendant informed the trial court that he could not obtain medical documentation of defendant's condition because he could not visit defendant in jail to obtain the necessary releases, and he suggested that the trial court question defendant directly about his condition. The trial court denied the motion without examining defendant. The trial

court concluded that defendant was a flight risk, despite the fact that defendant had no history of absconding on bond or failing to appear for court, and based only on defendant's presumed incentive to avoid punishment—an incentive present in virtually every case. When these considerations are balanced with defendant's willingness and ability to post a reasonable personal-recognizance bond and his agreement to wear a GPS tether, I believe the trial court abused its discretion in light of Administrative Order 2020-1.

MARKMAN, J. (*dissenting*).

I respectfully dissent from the present order vacating the trial court's order and reversing the Court of Appeals' judgment. Because I do not believe the trial court here abused its discretion, or that the Court of Appeals erred in affirming the trial court, I would deny leave to appeal.

Defendant has been charged as a fourth-offense habitual offender with being a felon in possession of a firearm, possessing a firearm during the commission of a felony, possessing a loaded firearm in a motor vehicle, and second-offense driving while his license was suspended. Defendant has been in the Oakland County Jail since January 3, 2020, unable to post the $25,000 cash or surety bond set by the trial court. The trial court has since denied defendant's emergency motion to reduce bail, finding "the issue of his potential flight [to be] significant" because "he knows that he is facing a mandatory two years if he's convicted." The court further determined that, given his prior convictions, defendant failed to persuade the court that he would not pose a threat to public safety if released. In a split decision, the Court of Appeals denied defendant's emergency motion to review bail.

The majority concludes that the "trial court abused its discretion by failing to give adequate consideration to Administrative Order No. 2020-1 (issued March 15, 2020)," which directs courts to "take into careful consideration public health factors arising out of the present state of emergency . . . in making pretrial release decisions[.]" I disagree. The trial court here *did* specifically consider such factors and correctly observed that defendant did not present any evidence that he is particularly vulnerable to COVID-19. Rather, defendant summarily asserts that he suffers from seizures, but he has presented neither evidence in support of this assertion nor evidence explaining why any such seizures would render him more vulnerable to COVID-19.

The majority also concludes that the "record does not support the trial court's conclusory determination that the defendant is likely to fail to appear for future proceedings; nor does it establish that he poses a danger to the public if granted pretrial release." Again, I disagree. Defendant's prior criminal history consists of stalking, fleeing and eluding, driving while under the influence of alcohol, and three counts of larceny in a building. His current charges involve him, while on probation, being in the possession of a loaded semi-automatic rifle while driving with a suspended license.

Given both this habitual criminal history and the gravity of the present charges, I cannot agree that the trial court abused its discretion in finding either that defendant poses a danger to the community or that he poses a flight risk. It is not the purpose of Administrative Order No. 2020-1 to preclude the consideration of factors already long extant in our law to maintain public safety, but to require that consideration *also* be given to factors that are relevant to the present public health emergency. Such an assessment has been undertaken by the trial court and, in my judgment, it has not abused its discretion in so doing.

Where Administrative Order 2020-1 specifies that, "[d]uring the state of emergency, trial courts should be mindful that taking reasonable steps to protect the public is more important than strict adherence to normal operating procedures or time guidelines standards," I do not understand the order to mean: (a) that trial courts are precluded in their pretrial release decisions from taking into account existing legal factors (e.g., risk to public safety and risk of flight) that are designed to "protect the public"; (b) that it constitutes an "abuse of discretion" by the trial court to balance existing factors, *required to be considered under law*, with newly added factors, "*urged*" *to be considered under an administrative order*; or (c) that "protection of the public" does not reasonably encompass the safeguarding of persons, not only who are incarcerated, but also persons who are *not* incarcerated (i.e., witnesses and members of the public) from the criminal conduct of persons being considered for pretrial release.

For these reasons, I would deny leave to appeal.

ZAHRA, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 8, 2020



t0505

Clerk